# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 17-cv-20163-GAYLES

MARTINAIR HOLLAND, N.V,

             **Plaintiff,**

     **v.**

BENIHANA, INC.,

             **Defendant.**

_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant Benihana, Inc.'s Motion to Dismiss the Complaint or, in the Alternative, Motion for Summary Judgment [ECF No. 15]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons discussed below, the Motion is granted.

## I.      BACKGROUND

On December 16, 2011, Plaintiff Martinair Holland, N.V. ("Plaintiff") and Defendant Benihana, Inc. ("Defendant") entered into a sublease agreement whereby Plaintiff leased office space to Defendant (the "Agreement"). The Agreement provides that the sublease would commence on December 15, 2011, and would end on January 30, 2018 (the "Termination Date"), unless the Agreement was terminated sooner in accordance with the other provisions of the sublease. *See* Agreement at 2, § 5 [ECF No. 1-1]. The Agreement includes an early termination provision which provides:

> Sublessee shall have the right to terminate this Sublease (the "Termination Option") effective as of the end of the 36th month of the Term, by delivering nine (9) months prior written notice to the Sublessor.

Agreement at 5, § 17 [ECF No. 1-1].

On April 28, 2014, a little over 40 months into term of the Agreement, Defendant provided Plaintiff with written notice that it intended to exercise the Termination Option.[1] [ECF No. 15-1, Exhibit B]. On May 2, 2014, Plaintiff rejected Defendant's early termination notice, arguing that Defendant's notice was untimely. [ECF No. 15-1, Exhibit C]. On January 28, 2015, nine months after its notice of early termination to Plaintiff, Defendant vacated the property, tendered what it believed to be all necessary final payments, and returned the keys to the property to Plaintiff. Plaintiff refused to accept the early termination and continued to demand ongoing rental payments.

In sum, the relevant dates are as follows:

- December 15, 2011. Day one of the sublease.

- March 14, 2014. Nine months prior to Early Termination Effective Date.

- April 28, 2014. Defendant provides Notice of Early Termination.

- December 14, 2014. Month 36/Early Termination Effective Date.

- January 28, 2015. Defendant vacates property – nine months after it provides notice of early termination.

In December 2016, Plaintiff filed this action against Defendant in Miami-Dade Circuit Court. In the Amended Complaint, Plaintiff alleges that Defendant breached the sublease by failing to pay all rent due and by terminating the sublease early without proper notice. Defendant timely removed the action to this Court.

---

[1] The letter was dated March 14, 2014, but was delivered Plaintiff on April 28, 2014.

On March 1, 2017, Defendant moved to dismiss the Amended Complaint for failure to state a claim.  Specifically, Defendant argues that it properly invoked the Early Termination Option, and, therefore, it had no additional obligation to Plaintiff after January 28, 2015.

## II.    LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant–unlawfully-harmed-me accusation."  *Id*. (quoting *Twombly*, 550 U.S. at 555).

Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (citation omitted).  Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss."  *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).  To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556).  When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true.  *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997).

## III.    DISCUSSION

The primary dispute in this action is about timing - when did Defendant have to provide notice of its intent to exercise the Termination Option?  Plaintiff contends that Defendant had to provide notice on or before March 14, 2014.  Defendant contends that it only had to provide no-

tice nine months prior to its intended termination date, as long as the termination date occurred on or after month 36. The Court finds that the express language of the contract answers this question and supports Defendant's position.[2]

Courts generally are not permitted to engage in contract interpretation at the motion to dismiss stage. *See Managed Care Solutions, Inc. v. Cmty. Health Sys., Inc.,* No. 10-60170, 2011 WL 6024572, at *8 (S.D. Fla. Dec. 2, 2011). "However, where the contract . . . terms are unambiguous, a court may properly consider a motion to dismiss for failure to state a claim for breach." *Success Healthcare, LLC v. Zurich Am. Ins. Co.*, 9:14-81423-CIV, 2015 WL 11439019, at *3 (S.D. Fla. Mar. 20, 2015) (quoting *Alhassid v. Bank of Am., N.A.,* 2014 WL 6480656, at *6 (S.D. Fla. Nov. 17, 2014). *See also Sarria Holdings, Inc. v. Walgreen Co.,* 2003 WL 1528711, at *2 (S.D. Fla. Jan. 31, 2003)) ("[T]his court can look to the contract itself and determine if it speaks to the issues in dispute. If the contract covers plaintiff's claims in clear and unambiguous language, then plaintiff's ability to state a claim upon which relief may be granted, thus surviving this motion to dismiss, depends on the specific terms of the contract, which the court analyzes as a matter of law.").

Section 17 of the Agreement provides that Defendant could terminate the sublease, effective as of the end of the 36th month of the Term, by delivering nine (9) months prior written notice to Plaintiff. The Court finds this language to be clear and unambiguous. The earliest Defendant could terminate the sublease and vacate the property was December 14, 2014 (Month 36). If Defendant intended to terminate the sublease on or after December 14, 2014, it had to provide nine months' prior written notice. Therefore, if Defendant wanted to terminate the sublease on month 32, it could not, regardless of notice. If Defendant wanted to terminate on month

---

[2]      Because Plaintiff attached the Agreement to the Amended Complaint, the Court may consider it on a motion to dismiss. *See G&C TIC, LLC v. Alabama Controls, Inc.*, 324 Fed. App'x 795, 798 (11th Cir. 2009).

36, it could as long as it provided notice on or before March 14, 2014. In addition, if Defendant wanted to terminate after month 36, but before the end of the sublease, it could do so as long as it provided notice nine months prior to the date it would exercise the Termination Option. This is exactly what happened. Defendant properly provided notice on April 28, 2014, exactly nine months prior to exercising the Termination Option.

Plaintiff's argument that, to exercise the Termination Option, Defendant had to give notice on or before March 14, 2014, is not supported by the express language of the Agreement. There is nothing in the Agreement to suggest that early termination could only occur at month 36 of the term. Rather, the Agreement expressly provides that Defendant can terminate, upon proper and timely written notice, anytime on or after the 36th month.[3]

The Court finds that, based on the express language of the Agreement, Defendant has not breached the sublease. As a result, this action must be dismissed for failure to state a claim.

---

[3] The Court notes that, even if the Agreement were ambiguous, any ambiguities are to be construed against Plaintiff, the lessor and drafter of the sublease. *See Arriaga v. Florida Pacific Farms, LLC,* 305 F.3d 1228, 1247 (11th Cir. 2002).

**IV.    CONCLUSION**

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Defendant Benihana, Inc.'s Motion to Dismiss the Compaint or, in the Alternative, Motion for Summary Judgment [ECF No. 15] is GRANTED. Plaintiff's Complaint is DISMISSED with prejudice.  It is further

**ORDERED AND ADJUDGED** that this action is CLOSED and all pending motions are DENIED as MOOT.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 1st day of September, 2017.

_____

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE