UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-20163-GAYLES

MARTINAIR HOLLAND, N.V,

    Plaintiff,

v.

BENIHANA, INC.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Plaintiff's Motion for Reconsideration of or Relief from Order Dismissing Case with Prejudice and Motion for Leave to File Second Amended Complaint [ECF No. 33]. The Court has reviewed the Motion and the record and is fully advised.

"Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1342 (S.D. Fla. 2007) (quoting *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993)) (internal quotation marks omitted). Arguments that were or should have been raised in the first instance are not appropriate grounds for a motion for reconsideration. *See Gougler v. Sirius Prods., Inc.*, 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005). Furthermore, "[i]t is an improper use of 'the motion to reconsider to ask the Court to rethink what the Court . . . already thought through – rightly or wrongly.'" *Z.K. Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99,

101 (E.D. Va. 1983)). The reconsideration decision is granted only in extraordinary circumstances and is "committed to the sound discretion of the district judge." *Tristar Lodging, Inc. v. Arch Specialty Ins. Co.*, 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006) (quoting *Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985)) (internal quotations omitted). Plaintiff fails to establish any clear error or manifest injustice in the Court's prior ruling. The Court finds the agreement to be unambiguous. In addition, any mistake in identifying the drafter of the agreement is harmless as the "construction-against-the-draftsman" rule only applies to ambiguous agreements. The Court only raised that rule as an alternative ground for dismissing the Complaint. Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Reconsideration of or Relief from Order Dismissing Case with Prejudice and Motion for Leave to File Second Amended Complaint [ECF No. 33] is DENIED.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 18th day of May, 2018.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE