## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 17-20163-CIV-GAYLES/OTAZO-REYES

MARTINAIR HOLLAND, N.V.,

      Plaintiff,

v.

BENIHANA, INC.,

      Defendant.

_____/

### REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Defendant Benihana, Inc.'s ("Defendant" or "Benihana") Verified Application for Attorneys' Fees (hereafter, "Motion for Fees") [D.E. 38]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Darrin P. Gayles, United States District Judge [D.E. 53]. For the reasons stated below, the undersigned respectfully recommends that the Motion for Fees be GRANTED IN PART AND DENIED IN PART.

### PROCEDURAL AND FACTUAL BACKGROUND

On December 9, 2016, Plaintiff Martinair Holland, N.V. ("Plaintiff" or "Martinair") commenced this action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County alleging breach and early termination of a sublease agreement dated December 16, 2011 (hereafter, "Sublease"). See Case No. 2016-031568-CA-01 (hereafter, "State Court Action"), Complaint [D.E. 1-2 at 6-9]. Plaintiff filed an Amended Complaint in the State Court Action on December 29, 2016 [D.E. 1-1 at 2-6]. Defendant removed the State Court Action to this Court on January 13, 2017 [D.E. 1]. Defendant filed a Motion to Dismiss the Complaint

(hereafter, "Motion to Dismiss") on March 1, 2017, alleging that Defendant did not breach the terms of the Sublease and properly terminated the Sublease early [D.E. 15]. The District Court granted the Defendant's Motion to Dismiss on September 1, 2017, finding the Sublease "language to be clear and unambiguous" and that the Defendant followed the contract terms without breach. See Order [D.E. 32 at 4].

Defendant filed the instant Motion for Fees on October 30, 2017, seeking its fees incurred in connection with litigating the case pursuant to the fee provision in the Sublease [D.E. 38]. Plaintiff filed its Verified Response to Defendant's Verified Application for Attorneys' Fees (hereafter, "Response") on May 29, 2018, in which it raises no objections to entitlement [D.E. 55]. Defendant filed its Reply on June 18, 2018 [D.E. 60].

## DISCUSSION

Defendant requests attorneys' fees as follows:

| Timekeeper | Hours | Rate ($) | Total ($) |
|---|---|---|---|
| Attorney Michael N. Kreitzer | 6.0 | 715.00 | 4,290.00 |
| Attorney Adam Lustig | 1.0 | 620.00 | 620.00 |
| Attorney James J. Ward | 23.0 | 495.00 | 11,385.00 |
| Attorney Anthony Sirven | 1.8 | 290.00 | 522.00 |
| Paralegal Gladys Garcia | 3.8 | 275.00 | 1,045.00 |
| **Total** | **35.6** | | **17,862.00** |

See Motion for Fees [D.E. 38 at 5].

Under Florida law, reasonable attorneys' fees are determined using the lodestar method. Fla. Patient's Comp. Fund v. Rowe, 472 So. 2d 1145, 1150 (Fla. 1985). The lodestar method requires a court determine "the number of hours reasonably expended on the litigation," and "a reasonable hourly rate for the services of the prevailing party's attorney." Id. Thereafter, the court multiplies these numbers, the product of which is the lodestar. Id. at 1151.

Determining fee awards falls within the trial court's sound discretion. River Bridge

Corp. v. Am. Somax Ventures, 76 So. 3d 986, 989 (Fla. 4th DCA 2011).  The Court "is itself an expert . . . and may consider its own knowledge and experience concerning reasonable and proper fees."  Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988).

Plaintiff objects to the hourly rates claimed by the timekeepers.  [D.E. 55 at 2-3].  A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by attorneys with reasonably comparable experience, skills and reputation.  Norman, 836 F.2d at 1299 (citing Blum v. Stenson, 465 U.S. 886, 895-96 & n. 11; Gaines v. Dougherty Cnty. Bd. of Educ., 775 F.2d 1565, 1571 (11th Cir. 1985)).  Taking into consideration their respective levels of experience and applying her own expertise, the undersigned reduces the timekeepers' hourly rates as follows: Attorney Michael N. Kreitzer, $550.00; Attorney Adam Lustig, $450.00; Attorney James J. Ward, $350.00; Attorney Anthony Sirven, $200.00; and Paralegal Gladys Garcia, $100.00.  See Norman, 836 F.2d at 1303.

Plaintiff also challenges numerous time entries on grounds that they represented excessive, redundant and duplicative work.  See Fees Response [D.E. 55 at 3-5].  The undersigned has reviewed the disputed entries and finds that they are reasonable and thus compensable.

Therefore, the undersigned concludes that Defendant may recover attorneys' fees as follows:

| Timekeeper | Hours | Rate ($) | Total ($) |
|---|---|---|---|
| Attorney  Michael N. Kreitzer | 6.0 | 550.00 | 3,300.00 |
| Attorney Adam Lustig | 1.0 | 450.00 | 450.00 |
| Attorney James J. Ward | 23.0 | 350.00 | 8,050.00 |
| Attorney Anthony Sirven | 1.8 | 200.00 | 360.00 |
| Paralegal Gladys Garcia | 3.8 | 100.00 | 380.00 |
| **Total** | **35.6** | | **12,540.00** |

## **RECOMMENDATION**

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that Defendant's Motion for Fees [D.E. 38] be GRANTED IN PART AND DENIED IN PART and that Defendant be awarded the amount of **$12,540.00** in attorneys' fees.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Darrin P. Gayles, United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers in Miami, Florida, on this 31st day of August, 2018.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:   United States District Judge Darrin P. Gayles
       Counsel of Record

4