# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-20163-CIV-GAYLES/OTAZO-REYES

MARTINAIR HOLLAND, N.V.,

    **Plaintiff,**

v.

BENIHANA, INC.,

    **Defendant.**

_____/

## ORDER AFFIRMING AND ADOPTING REPORT OF MAGISTRATE JUDGE

**THIS CAUSE** comes before the Court on Magistrate Judge Otazo-Reyes's Report and Recommendation on Defendant Benihana, Inc.'s ("Defendant") Motion for Attorney's Fees ("the Report") [ECF No. 66]. In her Report, Judge Otazo-Reyes recommended that the Motion be granted. Plaintiff Martinair Holland ("Plaintiff") filed timely objections to the Report. [ECF No. 67]. For the reasons stated below, the Plaintiff's objections are overruled and the Report is affirmed and adopted.

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

Plaintiff makes ten objections to the Report, which can be divided into three categories: 1) the case is now on appeal and any grant of attorney's fees must wait until the case is concluded before the United States Court of Appeals for the Eleventh Circuit; 2) the Defendant and the Magistrate Judge have not correctly documented reasonable hourly rates or time expended as compared to the prevailing market rate in the legal community, and; 3) the amount awarded is excessive, redundant, and duplicative.

The Court finds no issue with awarding attorney's fees prior to the appeal's conclusion. *See* Fed. R. Civ. P. 54(d)(2); *see also* Advisory Committee Notes to the 1993 amendment to Rule 54(d)(2) ("If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved.").

The Court similarly finds that the Report correctly evaluates the reasonable attorney's fees in the community. The Court is considered an expert on the issue of a reasonable hourly rate, and may use its independent judgment to determine the value of legal services provided. *Lorander v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). Defendant's counsel provided declarations describing the specific work performed by each attorney and a litany of comparable cases with similar fee awards. [ECF No. 38, at 5-6; ECF No. 38-1]. Judge Otazo-Reyes used these metrics, in addition to her experience, when reducing the award and the Court agrees with her judgment.

Finally, the Court finds that the Report did not grant fees that were excessive, redundant, or duplicative. Here, the Defendant's affidavit regarding the billing records reflects that four attorneys and one paralegal worked on this case. *Norman,* 836 F.2d at 1301–02 (noting there is

nothing unreasonable about having multiple attorneys). The same affidavit also indicates that hours were billed mainly by James J. Ward, with limited additional work by the other attorneys. Although neither the Report nor the affidavits provide an accounting for each individual hour, the limited number of hours for the time spent on the litigation belies the conclusion that the hours were redundant. Rather, the hours reflect "the customary practice of multiple-lawyer litigation." *Johnson v. University College of Univ. of Ala. in Birmingham,* 706 F.2d 1205, 1208 (11th Cir. 1983).

This Court, having conducted a de novo review of the Report, agrees with Judge Otazo-Reyes's well-reasoned analysis. The Motion must be granted.

Accordingly, after careful consideration, it is **ORDERED AND ADJUDGED** as follows:

(1) The Report and Recommendation [ECF No. 66] is **AFFIRMED AND ADOPTED** and incorporated into this Order by reference;

(2) Defendant Benihana, Inc.'s Motion for Attorney's Fees [ECF No. 38] is **GRANTED IN PART.** Defendant is awarded $12,540.00 in costs.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 26th day of August, 2018.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE