# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

FILED BY_____ *AP*_____D.C.

**Aug 7, 2019**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

August 07, 2019

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number:  18-12618-JJ
Case Style: Martinair Holland, N.V. v. Benihana, Inc.
District Court Docket No: 1:17-cv-20163-DPG

A copy of this letter, and the judgment form if noted above, but not a copy of the court's
decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision
was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion
was previously provided on the date of issuance.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to:  Lois Tunstall
Phone #:  (404) 335-6191

Enclosure(s)

MDT-1 Letter Issuing Mandate

## UNITED STATES COURT OF APPEALS
### For the Eleventh Circuit

————————

No. 18-12618

————————

District Court Docket No.
1:17-cv-20163-DPG

MARTINAIR HOLLAND, N.V.,
a Foreign corporation,

Plaintiff - Appellant,

versus

BENIHANA, INC.,
a Delaware corporation,

Defendant - Appellee.

————————————————————

Appeal from the United States District Court for the
Southern District of Florida

————————————————————

JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is
entered as the judgment of this Court.

Entered: July 09, 2019
For the Court: DAVID J. SMITH, Clerk of Court
By: Djuanna Clark

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12618
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cv-20163-DPG

MARTINAIR HOLLAND, N.V.,
a Foreign corporation,

                                        Plaintiff - Appellant,

versus

BENIHANA, INC.,
a Delaware corporation,

                                        Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 9, 2019)

Before WILSON, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

This case arises out of the early termination of a lease agreement.  Martinair Holland, N.V. brought suit alleging that Benihana breached the terms of their sublease agreement by improperly terminating the sublease.  The district court dismissed the suit for failure to state a claim, finding that the sublease agreement language unambiguously allowed Benihana's early termination of the sublease.  Martinair filed a motion to reconsider and file an amended complaint, which the district court denied.[1]  We agree with the district court that the sublease agreement language was unambiguous, but we remand on whether Martinair should have been permitted to amend its complaint.

## I.

Martinair Holland, N.V., a foreign corporation, entered into a sublease agreement (Agreement) and began subleasing office space to Benihana, a Delaware corporation.  Section 5 of the Agreement provided that the sublease term would last from December 15, 2011 to January 30, 2018, unless terminated sooner in accordance with other provisions of the Agreement.  Section 17 of the Agreement provided that:

> [Benihana] shall have the right to terminate this Sublease (the "Termination Option") effective as of the end of the

---

[1] This motion—both to reconsider and file an amended complaint—was filed as a single motion.

36th month of the Term, by delivering nine (9) months
prior written notice to [Martinair].

If Benihana terminated the sublease early, Section 17 also included the

method for calculating the termination fee.  The fee consisted of: (1) the

"brokerage" commission Martinair paid to sublease the space, capped at 8% of the

gross rent; (2) Martinair's attorney's fees incurred in connection with the

Agreement ($12,000); (3) Martinair's attorney's fees incurred in connection with

Benihana's exercise of its early termination right, which was expressly capped at

$500;[2] and (4) three months of "Base Rent" and "Operating Costs" as defined in

the Agreement, at the rates in effect for the 36th month of the sublease term.

On April 28, 2014, Benihana provided Martinair with written notice that it

intended to exercise its Termination Option.  Martinair rejected Benihana's early

termination notice, claiming that it was untimely.  Benihana vacated the office

space nine months after giving its early termination notice and stopped paying rent.

The sublease terminated on January 28, 2015.

In December 2016, Martinair sued Benihana in Florida state court.  In its

amended complaint,[3] Martinair alleged that Benihana breached the Agreement by

(1) failing to pay all rent due and (2) terminating its sublease early without proper

---

[2] The Agreement also provided that the attorney's fees incurred in connection with the exercise of the early termination right could exceed $500 if Benihana "fails to exercise the Termination Option as set forth herein and a dispute arises as a result thereof."

[3] Martinair amended its initial complaint once before Benihana removed the case to federal court.

notice.  Benihana removed the action to federal court and filed a motion to dismiss

or, in the alternative, a motion for summary judgment.  The district court found

that Martinair had failed to state a claim and dismissed the case with prejudice on

September 1, 2017.

On October 2—31 days later—Martinair filed a motion for reconsideration

or relief from the order dismissing the case, seeking leave to (1) plead additional

matter to state a claim and (2) add an alternate claim for an award of the

termination fee provided for in the Agreement.  The district court denied this

motion.  Martinair now appeals.

II.

The district court appears to have treated Benihana's dispositive motion as a

motion to dismiss, noting that it could consider the Agreement language in its

dismissal because Martinair attached the Agreement to its amended complaint.[4]

We review de novo the grant of a motion to dismiss.  *Glover v. Liggett Grp., Inc.*,

459 F.3d 1304, 1308 (11th Cir. 2006) (per curiam).  At the motion to dismiss stage,

a successful complaint "must contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

---

[4] A district court "generally must convert a motion to dismiss into a motion for summary
judgment if it considers material outside the complaint," but a court "may consider a document
attached to a motion to dismiss without converting the motion into one for summary judgment if
the attached document is (1) central to the plaintiff's claim and (2) undisputed." *Day v. Taylor*,
400 F.3d 1272, 1275–76 (11th Cir. 2005).  Here, the Agreement is (1) central to Martinair's
claim and (2) undisputed.

662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is plausible when it contains "factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged."

*Id.* When reviewing a motion to dismiss, a court must construe the complaint in

the light most favorable to the plaintiff and accept the plaintiff's factual allegations

as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.*, 116 F.3d 1364, 1369

(11th Cir. 1997) (per curiam).

We also review de novo "the threshold question of whether a contract is

ambiguous." *Frulla v. CRA Holdings, Inc.*, 543 F.3d 1247, 1252 (11th Cir. 2008).

We first look to the face of the contract. *Id.* "A contract is ambiguous where it 'is

susceptible to two different interpretations, each one of which is reasonably

inferred from the terms of the contract.'" *Id.* (quoting *Commercial Capital Res.,

LLC v. Giovannetti*, 955 So.2d 1151, 1153 (Fla. 3d DCA 2007)). A contract is not

necessarily ambiguous because parties ascribe different meanings to its terms—

"[i]f the interpretation urged by one party is unreasonable in light of the contract's

plain language, the contract is not ambiguous, and the court may not use extrinsic

evidence to vary the terms of the contract." *Id.*

Martinair asserts that the district court improperly interpreted the Agreement

at the motion to dismiss stage and ignored Martinair's reasonable interpretation of

the Agreement provision at issue, as alleged in its amended complaint. While

courts applying Florida law have acknowledged that "[c]ontract interpretation is typically inappropriate at the motion to dismiss stage" for failure to state a claim, they will engage in such interpretation "where the contract . . . terms are unambiguous." *Alhassid v. Bank of Am., N.A.*, 60 F. Supp. 3d 1302, 1312–13 (S.D. Fla. 2014). Despite Martinair's claims to the contrary, the Agreement terms at issue are unambiguous.

Section 17 of the Agreement provided Benihana with the right to terminate the sublease "*effective as of* the end of the 36th month of the Term" by delivering nine months prior written notice to Martinair. Martinair argues that this language mandated that Benihana could *only* terminate its sublease at the end of the 36th month of the sublease—*and never at any point after the end of the 36th month*—by providing written notice nine months in advance. The district court properly rejected this interpretation, finding the Agreement to be clear and unambiguous. We agree with the district court: the plain language of Section 17, reasonably interpreted, gives Benihana the right to terminate the sublease any time *on or after* the 36th month of the sublease term by giving nine months prior written notice. This right becomes effective as of the end of the 36th month, and nothing limits Benihana's time window to exercise this right after the end of the 36th month. We therefore affirm the district court.

III.

We now turn to the district court's denial of Martinair's motion for reconsideration or relief from the court's order dismissing the case. We review the denial of leave to amend a pleading for abuse of discretion, but to the extent that denial of leave is based on futility, we review de novo. *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1315 (11th Cir. 1999).

Under Rule 59 of the Federal Rules of Civil Procedure, a party may move for a new trial, or to alter or amend a judgment, no later than 28 days after entry of judgment. Fed. R. Civ. P. 59. Here, Martinair filed its motion 31 days after entry of judgment and has not asserted any reason to justify its untimeliness. We therefore will not consider Martinair's late motion under Rule 59.

Martinair's motion also fails under Federal Rule of Civil Procedure 60(b)(6). Under Rule 60, a party must make a motion within a reasonable time for a court to "relieve [the] party or its legal representative from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b), (c). The court may grant relief for the following reasons:

> **(1)** mistake, inadvertence, surprise, or excusable neglect;
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> **(4)** the judgment is void;
> **(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been

> reversed or vacated; or applying it prospectively is no
> longer equitable; or
>
> **(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  While a judgment may be set aside for "any other reason

that justifies relief," it is an "extraordinary" remedy and "may be invoked only

upon a showing of exceptional circumstances."  *Griffin v. Swim-Tech Corp.*, 722

F.2d 677, 680 (11th Cir. 1984).  The party seeking relief under Rule 60(b)(6) must

show that, "absent such relief, an extreme and unexpected hardship will result."

*Id.* (internal quotation marks omitted).

Martinair has not successfully alleged the existence of any of the reasons

provided in 60(b)(1)–(5).  And it has not met the stringent standard required for

relief under 60(b)(6)—that is, Martinair has failed to show that it will suffer

"extreme and unexpected hardship" without relief from this judgment.  *Id.*

Martinair's motion thus fails under Rule 60.

Finally, Martinair asserts that the district court erred in denying its request

for leave to plead sufficient factual matter to state a claim and add an alternate

claim for an award of the termination fee allegedly owed by Benihana.  Federal

Rule of Civil Procedure 15(a), which provides the grounds for amendment of a

complaint, does not apply after dismissal of a complaint or entry of final judgment.

*Jacobs v. Tempur-Pedic Intern., Inc.*, 626 F.3d 1327, 1344–45 (11th Cir. 2010).

Even after a complaint is dismissed and a plaintiff's right to amend under Rule

15(a) terminates, however, the plaintiff may still move for leave to amend, and

"such amendments should be granted liberally." *Czeremcha v. Int'l Ass'n of*

*Machinists & Aerospace Workers, AFL-CIO*, 724 F.2d 1552, 1556 (11th Cir. 1984)

(internal citations omitted). The Supreme Court has also commented on leave to

amend:

> In the absence of any apparent or declared reason—such
> as undue delay, bad faith or dilatory motive on the part of
> the movant, repeated failure to cure deficiencies by
> amendments previously allowed, undue prejudice to the
> opposing party by virtue of allowance of the amendment,
> futility of amendment, etc.—the leave sought should, as
> the rules require, be "freely given." Of course, the grant
> or denial of an opportunity to amend is within the
> discretion of the District Court, but outright refusal to
> grant the leave without any justifying reason appearing for
> the denial is not an exercise of discretion; it is merely
> abuse of that discretion and inconsistent with the spirit of
> the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

Martinair filed its motion after entry of the district court's final order in this

case. The district court never concluded that Martinair's motion was untimely, but

the court did note that the Agreement language in question was unambiguous—

indicating that an amended complaint challenging the language would be futile.

We agree with the district court's conclusion that the Agreement language was

unambiguous.

We note, however, that Martinair also sought to amend its complaint to add an alternative claim for an award of the termination fee described in the Agreement in the event of proper early termination.  The district court did not expressly conclude that this alternative claim would be futile, and we cannot currently conclude that it would be futile.[5]  The district court did not provide any reason for denial of leave to amend to add this alternative claim, and in the interest of fairness to Martinair we conclude that this was an abuse of discretion.  Thus, we remand this matter to the district court solely so that the court may consider Martinair's motion for leave to amend to plead an alternative claim for award of the termination fee.

**AFFIRMED IN PART AND REMANDED IN PART.**

---

[5] We decline to comment further on the ultimate viability of Martinair's proposed alternative claim.

**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

July 09, 2019

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number:  18-12618-JJ
Case Style:  Martinair Holland, N.V. v. Benihana, Inc.
District Court Docket No:  1:17-cv-20163-DPG

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, each party to bear own costs.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Tiffany A. Tucker, JJ at (404)335-6193.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna Clark
Phone #: 404-335-6151

OPIN-1A Issuance of Opinion With Costs