UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MARTINAIR HOLLAND, N.V., a foreign
corporation,

                 Plaintiff,

                                            CASE NO. 1:17-cv-20163-DPG

vs.

BENIHANA, INC., a Delaware corporation,

                 Defendant.

_____/

**DEFENDANT'S REPLY IN SUPPORT OF MOTION
TO DISMISS SECOND AMENDED COMPLAINT OR, IN
THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

       Defendant, Benihana, Inc. ("Benihana"), replies in support of its Motion to Dismiss Second

Amended Complaint or, in the Alternative, Motion for Summary Judgment [D.E. 100] (the

"Motion to Dismiss") and in opposition to the Response to Defendant Benihana, Inc.'s Motion to

Dismiss the Second Amended Complaint or, in the Alternative, Motion for Summary Final

Judgment [D.E. 108] (the "Response") filed by Plaintiff, Martinair Holland, N.V. ("Martinair"),

as follows:

## I.       <u>MEMORANDUM OF LAW</u>

       1.      Throughout the Response, Martinair props up its arguments with inapplicable and

distinguishable caselaw.  Indeed, much of the law relied upon in the Response involves *a plaintiff*

*seeking alternative remedies **in a single complaint***.  This case is much different.  Here, judgment

was already entered against Martinair dismissing the Amended Complaint.  *See* [D.E. 32].  The

Court's well-reasoned basis for dismissal—that Martinair's interpretation of the termination

provision was incorrect based on the plain and unambiguous language of the sublease (the

"Sublease")—was affirmed by the Eleventh Circuit Court of Appeals.  *See* [D.E. 86].

2.      The dismissal of the Amended Complaint with prejudice serves as a catalyst for applying election of remedies.  In the Amended Complaint, Martinair "elect[ed] to adopt one of two inconsistent remedies"—i.e., that Benihana owed Martinair unpaid rent payments because Benihana failed to timely and properly terminate the Sublease.  Am. Compl. ¶ 14 ("Defendant, BENIHANA, breached the lease by failing to make the required Base Rent and Additional Rent payments as required by the Sublease."); and ¶ 18 ("Pursuant to the Sublease, Defendant, BENIHANA, owes to Plaintiff, MARTINAIR, all damages suffered including but not limited to…Rents owed through January 2018….").  Martinair could have chosen to allege in the Amended Complaint that Benihana properly terminated the Sublease and, thus, should have paid a termination fee rather than continuing to pay rent, ***but Martinair did not elect to seek that relief in the Amended Complaint***.

3.      Martinair's breach of contract claim for unpaid rent in the Amended Complaint subsequently failed as a matter of law and was dismissed by the Court.  Because Martinair elected its remedy in the Amended Complaint (i.e., seeking unpaid rent on the contention that the Sublease had not been terminated), it "cannot afterwards pursue the other" remedy that was available at the time Martinair filed the Amended Complaint—i.e., that Benihana did in fact timely terminate the Sublease and, as a result, should pay Martinair the termination fee referenced in the Sublease. *Id.* Indeed, the state of facts relied upon as the basis for Martinair's first elected remedy—that Benihana failed to terminate the Sublease—is completely inconsistent with, and repugnant to, the set of facts relied on in the Second Amended Complaint [D.E. 90] as the basis for the remedy it presently seeks in the breach of contract claim—i.e., the termination fee based on the proper termination of the Sublease.  The doctrine of election of remedies acts as a bar to such inconsistent and improper conduct.  As such, the Motion to Dismiss should be granted.

**A. The Court Should Dismiss Count I of the Second Amended Complaint for Breach of the Sublease.**

4.      *First*, citing incorrectly to Florida rather than the federal rules of civil procedure, Martinair wrongfully argues that the Court must deny the Motion to Dismiss because the grounds for applying election of remedies do not appear on the face of the Second Amended Complaint. This argument, which should be rejected based on a plain review of the Amended Complaint and Second Amended Complaint, relies on several cases that are inapplicable.

5.      Martinair relies on *Princeton Homes, Inv. V. Virone*, 612 F.3d 1324 (11th Cir. 2010), which involved an alleged developer's failure to provide a statutorily-required disclosure to the purchaser of a townhouse.  That case dealt with ***consistent remedies***, in which case election of remedies applies when once one of the remedies is satisfied.  *Id*. at 1334.  In contrast, this case deals with ***inconsistent remedies***—i.e., unpaid rent for continuing rent obligations under the Sublease versus payment of a termination fee upon termination of the Sublease.  This case does not involve consistent remedies and, thus, the dicta in *Princeton Homes* regarding the inapplicability of election of remedies should hold no weight in deciding the Motion to Dismiss.

6.      Martinair's reliance on *Wright v. Hartford*, 823 So. 2d 241 (Fla. 4th DCA 2002) is similarly unpersuasive.  That case involved personal injury claims by an employee who was allegedly injured on the job due to the negligence of his supervisor.  *Id*.  The employee received workers compensation benefits then sought to pursue his employer's insurer after entering into a *Coblentz* agreement with the employer.  *Id*. at 241-42.  Far from rendering a holding dispositive of the Motion to Dismiss, the Wright Court simply stated in dicta (in a footnote) that election of remedies did not appear on the face of the complaint.  *Id*. at 242, n. 3.  Here, the Court can easily identify the grounds for applying election of remedies by a plain review of the Amended Complaint

and Second Amended Complaint, which clearly reflect that Martinair is seeking an inconsistent remedy in the Second Amended Complaint.

7.      Moreover, both *Noonan-Judson v. Surrency* and *Harold Silver, P.A. v. Farmers Bank & Trust Co.* are wholly irrelevant, as both cases involved the respective defendants' waiver of an affirmative defense, which Martinair cannot legitimately contend occurred here since the Amended Complaint was dismissed and Benihana has yet to answer the Second Amended Complaint (which should also be dismissed).

8.      ***Second***, Martinair argues that Benihana waived its ability to assert election of remedies as a basis for dismissal because Benihana has not pled election of remedies in an answer. This argument should be rejected outright because this case is still in the motion to dismiss stage and Benihana is not yet required to answer the complaint.  Benihana also expressly raised election of remedies as grounds for dismissal in the Motion to Dismiss and has not yet answered the Second Amended Complaint, which is inconsistent with a waiver. Mot. at 5-7.

9.      Every single case cited by Martinair in support of this argument involved a factual scenario where ***an answer and affirmative defenses to the complaint had already been filed***.[1]  *See Day v. Liberty Nat'l Life Ins. Co.*, 122 F.3d 1012, 1013-14 (11th Cir. 1997) ("In its answer, Liberty asserted several affirmative defenses but did not plead the statute of limitations as an affirmative defense."); *Shook & Fletcher Insulation Co. v. Central Rigging & Contracting Corp.*, 684 F.2d 1383, 1386 (11th Cir. 1982) ("The district court correctly found that Central Rigging had waived the affirmative defense of equitable estoppel because Central Rigging did not raise this defense in any pleading or in the pretrial order and only first asserted this defense in a post-trial brief."); *Mark*

---

[1] Notably, Martinair again relies on *Princeton Homes, Inv. v. Virone* even though the case does not even mention the term "affirmative defense."  612 F.3d 324, 1334 (11th Cir. 2010).

*Leach Health Furniture Co. v. Thal*, 143 So. 2d 64, 65 (Fla. 2d DCA 1962) ("The defendant answered by way of a general denial of each and every allegation of the complaint."); *BSP/Post Orange, LLC v. Water Mill Props., Inc.*, 969 So. 2d 1077, 1078 ("Those affirmative defenses which were raised were either rebutted by the appellee or were insufficient to preclude entry of summary judgment.").

10.      As Martinair admits, it would have been impossible for Benihana to raise election of remedies as an affirmative defense at this stage of the case, as "it has not filed an answer or any other pleading…."  Resp. at 7.  It is thus impossible for Benihana to have "waived" an affirmative defense, where no answer nor affirmative defenses have yet been due or filed.

11.      ***Third***, and again improperly citing to Florida rather than the federal rules of civil procedure, Martinair relies on inapplicable law that is distinguishable on its facts.  Pointing to Florida Rule of Civil Procedure 1.110, Martinair states that a party is permitted to "assert inconsistent claims ***in the same pleading***."  Resp. at 8.  However, Martinair flatly ignores that, here, the inconsistent remedies elected were not offered in the alternative in the same pleading but rather ***separate pleadings after a judgment was entered against Martinair***.  Thus, the law Martinair relies on is not only moot because it is derived from a Florida rule of civil procedure, but also inapplicable because of its distinguishable facts.  *See, e.g.*, *Johnson v. State Dep't of Health and Rehabilitative Servs.*, 695 So. 2d 927, 930 (Fla. 2d DCA 1997) ("At the same time, a party may assert inconsistent claims ***in the same pleading***." (citing Fla. R. Civ. P. 1.110(g)) (emphasis added)).

12.      Martinair's reliance on *Erwin v. Scholfield*, 416 So. 2d 478 (Fla. 5th DCA 1982), is indicative of the failure of this argument.  In *Erwin*, the Court did not order the dismissal of the plaintiff's claim.  *Id.*  Rather, there were ongoing developments *during the litigation* that changed

the factual stance of the case. Specifically, the seller/plaintiff of the property, who was initially suing the buyer for specific performance and liquidated damages, sold the land to a third party while the lawsuit was pending. *Id.* at 479. This fact necessarily precluded the relief sought by the seller/plaintiff, and all necessitated an amendment to the complaint. *Id.* That unique fact clearly does not exist in this case. The facts upon which Martinair's claims are based all occurred prior to the filing suit. *Erwin* is therefore factually distinguishable and does not govern the outcome of the Motion to Dismiss.

13.     **Fourth**, Martinair makes only the most cursory attempt at distinguishing *Weeke v. Reeve*, which attempt the Court should reject. Martinair wrongly claims that its own "alternative theories of liability [i.e., the breach of contract claim in the Second Amended Complaint] are not like those asserted in *Weeke v. Reeve*," yet it fails to offer any basis or explanation for this conclusory assertion. Resp. at 13. This failure is likely because the facts here are indeed most closely mirrored to *Weeke*. In *Weeke*, the plaintiff filed suit seeking rescission of a conveyance of land based on fraudulent misrepresentations. 61 So. 749, 750 (Fla. 1913). The Court ordered dismissal of the Complaint, and thereafter the plaintiff filed an amended complaint. *Id.* The Florida Supreme Court ultimately held that this amendment was improper as the plaintiff previously filed an action seeking an inconsistent remedy, and that action resulted in a judgment for the defendant. *Id.*

14.     Similarly, Martinair filed a complaint electing a remedy of unpaid rent for the remainder of the term of the Sublease based on the contention that the Sublease had been ***untimely*** terminated. *See* Mot. at 7. The Court entered a judgment dismissing that complaint. *Id.* Now, Martinair has attempted to elect a totally inconsistent new remedy (recovery of a termination fee) based on facts that are inconsistent with its prior position—namely, that Benihana ***timely***

6

terminated the Sublease.  Because this case is analogous to *Weeke*, the Court should follow the Florida Supreme Court's holding in that case and find that the breach of contract claim seeks an inconsistent remedy and is, therefore, improper as a matter of law.

**B.  The Court Should Dismiss Count II of the Second Amended Complaint for Unjust Enrichment.**

15.    Martinair's entire argument in support of its unjust enrichment claim hinges on the Court accepting the bald assertion that "[s]ince Benihana has refused and continues to refuse to pay the termination fee, it is logical to assume that Benihana plans to deny the existence or validity of the sublease."  This assertion is nonsensical, and the argument against dismissing the unjust enrichment claim—despite the existence of a written contact (i.e., the Sublease)—should be rejected accordingly.

16.    Martinair's argument fails because nothing in the record even remotely suggests that Benihana denies the existence or validity of the Sublease.  In fact, Benihana has recognized and relied upon the Sublease in both the Motion to Dismiss the Amended Complaint (*see* [D.E. 15] at 1-4) and the present Motion to Dismiss. *See* Mot. at ¶¶ 3, 4, 6.  For example, in both motions, Benihana contended that it properly exercised its early termination right under the Sublease. Because Benihana has unambiguously acknowledged that the parties were bound by the Sublease until Benihana terminated it, Martinair cannot validly contend (or, in Martinair's terms, "assume") that Benihana's position is that the parties were never bound by the Sublease.  As such, the unjust enrichment claim should be dismissed. *See Circuitronix, LLC v. Shenzhen Kinwong Electronic Co., Ltd.*, No. 1:17-cv-22462, at *6 (S.D. Fla. May 11, 2018) ("Kinwong, however, has never contested the enforceability of the Agreements. On the contrary, it does not dispute that the Agreements govern this dispute. As such, this case falls squarely within the well-established rule that a Plaintiff may not pursue an unjust enrichment claim when an express contract governs the

same dispute."); *White Park Bay Software Ltd. v. XID, Inc.*, No. 09-61765-CIV, 2010 WL 1856223, at *2 (S.D. Fla. May 10, 2010) (dismissing plaintiff's unjust enrichment claim where the parties did not dispute the existence of the agreement and plaintiff attached the agreement to the complaint).

Dated:  January 20, 2020                    Respectfully submitted,

/s/ *Michael Kreitzer*
MICHAEL KREITZER
Florida Bar No. 705561
kreitzerm@gtlaw.com
MICHAEL  STRAUCH
Florida Bar No. 13988
strauchm@gtlaw.com
**GREENBERG TRAURIG, P.A.**
333 Southeast Second Avenue, Suite 4400
Miami, Florida 33131
Telephone:  305.579.0500
Facsimile:  305.579.0717
*Attorneys for Defendant Benihana, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing has been furnished to the individuals listed below by e-mail generated by the CM/ECF system this 20th day of January, 2020:

Bradley Gould, Esq.

Frank Shepherd, Esq.

GrayRobinson, P.A.

333 S.E. 2nd Avenue Suite 3200

Miami, Florida 33131
bradley.gould@gray-robinson.com
frank.shepherd@gray-robinson.com

By: <u>s/Michael Kreitzer</u>