UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 17-CV-20163-GAYLES

MARTINAIR HOLLAND, N.V.,

      **Plaintiff,**

v.

BENIHANA, INC.,

      **Defendant.**

_____/

**ORDER**

**THIS CAUSE** comes before the Court on Defendant's Motion to Dismiss Second Amended Complaint or, in the Alternative, Motion for Summary Judgment [ECF No. 100]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons discussed below, the Motion is granted in part.

**I.**     **BACKGROUND**[1]

On December 16, 2011, Plaintiff Martinair Holland, N.V. ("Plaintiff") and Defendant Benihana, Inc. ("Defendant") entered into a sublease agreement whereby Plaintiff leased office space to Defendant (the "Agreement"). [ECF No. 90-1]. Pursuant to the Agreement, Defendant had the option to terminate the sublease early—after a certain date—with nine months prior written notice. *Id.* In the event Defendant chose that option, it was required to pay a termination penalty (the "Termination Fee"). *Id.* On April 28, 2014, Defendant provided Plaintiff with written notice

---

[1] As the Court is proceeding on a motion to dismiss, it takes the facts alleged in Plaintiff's Second Amended Complaint as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997).

that it intended to exercise the early termination option. [ECF No. 90-2]. On or about December 28, 2014, Defendant vacated the property.[2]

In December 2016, Plaintiff filed this action against Defendant in the Eleventh Judicial Circuit in and for Miami-Dade County. In its Amended Complaint, Plaintiff alleged that Defendant breached the Agreement by failing to pay all rent due and by terminating the sublease early without proper notice. Defendant removed the action and moved to dismiss arguing that it properly invoked the early termination option, and, therefore, had no additional obligation to Plaintiff after January 28, 2015.

The Court dismissed the Amended Complaint with prejudice, holding that Defendant had properly terminated the sublease early under the early termination option. [ECF No. 32]. Plaintiff moved for reconsideration and sought leave to amend to add an alternative claim that even if Defendant had properly exercised the early termination option, Defendant breached the contract by failing to pay the Termination Fee. *Id.* The Court denied Plaintiff's motion for reconsideration but did not address Plaintiff's request to amend. [ECF No. 50]. Plaintiff appealed.

The Eleventh Circuit affirmed in part, agreeing that Defendant had the right to terminate the sublease early. *See Martinair Holland, N.V. v. Benihana, Inc.*, 780 F. App'x 772, 775 (11th Cir. 2019). However, the Eleventh Circuit remanded so the court could consider whether to let Plaintiff amend its complaint to add claims relating to Defendant's failure to pay the Termination Fee. *Id.* at 777.

On September 18, 2019, the Court granted Plaintiff leave to amend. Plaintiff's Second Amended Complaint alleges two claims: breach of lease (Count I) and unjust enrichment (Count

---

[2] The Second Amended Complaint alleges that Defendant vacated the property on January 28, 2014. [ECF No. 90 ¶ 18. This date cannot be correct as Defendant mailed its notice of termination on April 28, 2014. The Amended Complaint, however, alleged that Defendant vacated the property on December 28, 2014, which is in line with the notice of termination. [ECF No. 1-1 ¶ 13].

2

II). Both are based on Defendant's alleged failure to pay the Termination Fee under the Agreement. [ECF No. 90]. Defendant now moves to dismiss, or in the alternative moves for summary judgment, arguing that Plaintiff is barred from bringing a claim for either breach of lease or unjust enrichment under the election of remedies doctrine. Defendant also argues that Plaintiff's unjust enrichment claim must be dismissed because there is no dispute over the existence or validity of the Agreement.

## II.     LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant–unlawfully-harmed-me accusation." *Id*. (quoting *Twombly*, 550 U.S. at 555).

Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556).

## III.    DISCUSSION

Defendant argues that Plaintiff's claims are barred in their entirety by the election of remedies doctrine. In addition, Defendant argues that Plaintiff cannot state an alternative claim for

3

unjust enrichment when neither party contests the validity of the Agreement. The Court addresses each argument in turn.

### A. Election of Remedies

The election of remedies doctrine provides that "a party electing one course of action should not later be allowed to avail himself of an incompatible course." *Barbe v. Villeneuve*, 505 So. 2d 1331, 1332 (Fla. 1987). Florida law, however, provides that the doctrine "applies only where the remedies in question are coexistent and inconsistent." *Id.* Accordingly, "for one remedy to bar another remedy on grounds of inconsistency they must proceed from opposite and irreconcilable claims of right and must be so inconsistent that a party could not logically follow one without renouncing the other." *Id.* (citing *Klondike, Inc. v. Blair*, 211 So. 2d 41, 43 (Fla. 4th DCA 1968)). "Remedies are inconsistent if they provide double recovery for the same injury . . . or rely on sets of facts that are inconsistent with one another." *F.T.C. v. Leshin*, 719 F.3d 1227, 1232 (11th Cir. 2013).

The election of remedies doctrine is an affirmative defense. *See Vause v. Bay Medical Ctr.*, 687 So. 2d 258, 261 (Fla. 1st DCA 1996). As such, it generally cannot be raised by a "motion to dismiss where the affirmative defense does not appear on the face of the prior pleading." *Id.* Here, Defendant raises an election of remedies defense at the motion to dismiss stage. However, the Second Amended Complaint makes no reference to the prior pleadings or Plaintiff's prior claim that Defendant breached the Agreement by terminating early. As a result, the argument is premature.[3]

Even if Defendant could raise the election of remedies defense at this juncture, the Court finds that Plaintiff is not estopped from bringing its claim for breach of lease (Count I). Plaintiff's

---

[3] Defendant moved in the alternative for summary judgment. However, its motion fails to comply with the pleading requirements for a motion for summary judgment under the Local Rules and Federal Rules of Civil Procedure.

4

Second Amended Complaint is based on Defendant's purported failure to fulfill one of its obligations under the Agreement—payment of the Termination Fee. Plaintiff's prior complaint was based on Defendant's purported failure to fulfill a different obligation under the Agreement—paying monthly rent. While the Court has already determined that Defendant did not have a continuing obligation to pay rent because it properly exercised its early termination rights, this does not make Plaintiff's new claim inconsistent with the prior claim. Plaintiff is simply seeking two alternate, but consistent, remedies arising from a breach of the same contract. Plaintiff has not recovered anything from Defendant; there is no risk of double recovery. *Barbe*, 505 So. 2d at 1332 ("The purpose of the [election of remedies] doctrine is to prevent a double recovery for the same wrong."). Rather, Plaintiff is pursuing an alternate breach of lease claim under the same general set of facts. Therefore, the motion to dismiss the entire Second Amended Complaint must be denied.

### B. Unjust Enrichment

Plaintiff's claim for unjust enrichment is based on the same allegations as its claim for breach of the lease. There is no allegation in the Second Amended Complaint that Defendant disputes the validity of the Agreement. Indeed, Plaintiff alleges that Defendant exercised its rights under the Agreement. Because Plaintiff alleged the existence of an express contract between the parties and Defendant does not dispute the existence of that agreement, Plaintiff's claim for unjust enrichment must be dismissed. *See Vazquez v. General Motors, LLC*, No. 17-22209, 2018 WL 447644, at *7 (S.D. Fla. Jan. 16, 2018) (holding that "an unjust enrichment claim can only be pled in the alternative if one or more parties contest the existence of an express contract governing the subject of the dispute.") (internal quotation omitted).

## IV.  CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Second Amended Complaint or, in the Alternative, Motion for Summary Judgment [ECF No. 100] is granted in part and denied in part.  Plaintiff's claim for unjust enrichment (Count II) is DISMISSED.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of September, 2020.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE